**HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal Review Board, Appellants,**

v.

**James M. WILKINSON and Stephanie S. Wilkinson, Appellees.**

No. 01–08–00547–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 3, 2010.

Rehearing Overruled Aug. 5, 2010.

James D. Robinson, Olson & Olson, L.L.P., Houston, TX, for Appellants.

Rob L. Wiley, Stewart & Wiley LLP, Spring, TX, for Appellees.

Panel consists of Chief Justice RADACK and Justices BLAND and MASSENGALE.

## OPINION

MICHAEL MASSENGALE, Justice.

This is a suit for judicial review of the denial of a homestead exemption on a mobile home. *See* TEX. TAX CODE ANN. § 42.21 (Vernon 2008). After a bench trial, the district court found that appellees James M. Wilkinson and Stephanie S. Wilkinson were entitled to a homestead exemption and ordered the Harris County Appraisal District and the Harris County Appraisal Review Board to grant the exemption.

The District and Board bring two issues on appeal. They contend that the trial court erred in its conclusion that the mobile home was the Wilkinsons' principal residence. If the district court's ruling is sustained in that regard, they further argue that the homestead exemption is unconstitutional as applied.

We reverse the judgment of the trial court. We conclude that only an owner's main or primary residence can be his "principal residence" eligible for the residential-homestead exemption under Tax Code section 11.13(j).

## Background

The underlying facts of this dispute are essentially undisputed. In 1995 the Wilkinsons purchased property in Montgomery County, and in 1998 they moved into a house on that property. From 1999 to 2003 they had a residential-homestead exemption on that home.

The Wilkinsons also own a storage facility in Spring. In 1998, Mr. Wilkinson purchased a mobile home and placed it at the storage facility. The mobile home had residential electric service, and the Wilkinsons' son lived in it from time to time until 2003.

In 2002, Ms. Wilkinson walked into a burglary in progress at the Montgomery County home, and she became afraid to stay at that house. In December 2003 the Wilkinsons bought a 4,500–square–foot house in Tomball, but it was not ready for occupancy. Meanwhile, also in December 2003, the Wilkinsons moved into the mobile home, which had approximately 1,000 square feet of living space.

The Wilkinsons lived in the mobile home for approximately two months. Mr. Wilkinson testified with respect to the mobile

home: "I would live there, eat there, sleep there. I had friends over, I had parties there. It was my home." The Wilkinsons continued to obtain residential electric service at the mobile home. Mr. Wilkinson's driver's license reflected the address of the storage facility. A bank statement was also received at that address. The Wilkinsons hosted a New Year's Eve party at the mobile home. During this time period, they planned to move into the Tomball house when it was ready.

At the end of January 2004, the Wilkinsons moved out of the mobile home and into the Tomball house. The following March, they applied for a residential-homestead exemption on the mobile-home property. The District canceled the exemption on the basis that the Wilkinsons "did not occupy the property as [their] primary residence on January 1 of [2004]."

Based on the foregoing evidence, along with other evidence presented at trial, the trial court entered findings of fact, which we quote below:

- Plaintiffs purchased the [Spring] Property and owned it as of January 1, 2004.
- Plaintiffs established that:
  (1) they moved to the [Spring] Property in December 2003;
  (2) they hosted social events at the [Spring] Property during December 2003 and January 2004;
  (3) they utilized residential electric service at the [Spring] Property during December 2003 and January 2004;
  (4) James Wilkinson's Texas Driver License ... listed the [Spring] Property as his residence address during December 2003 and January 2004;
  (5) they received bank statements directed to the [Spring] Property as their residence during December 2003 and January 2004;

  (6) they moved from the [Spring] Property in late January 2004 and began occupying [the Tomball house].
- Plaintiffs established that:
  (1) they claimed a residence homestead exemption for [the Montgomery County house] for the years 1999–2003;
  (2) they dropped their residence homestead exemption for [the Montgomery County house] effective with the tax year beginning January 2004;
  (3) they did not receive the benefit of a residence homestead exemption for 2004 in connection with [the Montgomery County house].
- The Plaintiffs had a residence homestead exemption in Montgomery County from 1999–2003. The Montgomery County Appraisal District did not remove that exemption from its records until 2006.
- The Plaintiffs sold their home in Montgomery County in March of 2004.
- The property located at [the Spring property] consisted of a storage facility and a mobile home.
- The Plaintiffs purchased their home in Harris County at ... Tomball, Texas ... in December 2003.

The district court also made three conclusions of law: (1) the Wilkinsons occupied the mobile home as their principal residence on January 1, 2004; (2) the Wilkinsons claimed no residential homestead for any property other than the mobile home for 2004; and (3) Texas law entitled the Wilkinsons to a residential-homestead exemption for the mobile home in 2004. Accordingly, the trial court ordered the District and Board to grant the Wilkinsons a residence homestead exemption for their mobile home for 2004. The District and Board appeal from this judgment.

## Analysis

■ In their first issue, the District and Board claim the Wilkinsons were not entitled to a residential-homestead exemption under Tax Code section 11.13(j), which provides, in part:

For purposes of this section:

(1) "Residence homestead" means a structure (including a mobile home) or a separately secured and occupied portion of a structure (together with the land, not to exceed 20 acres, and improvements used in the residential occupancy of the structure, if the structure and the land and improvements have identical ownership) that:

(A) is owned by one or more individuals, either directly or through a beneficial interest in a qualifying trust;

(B) is designed or adapted for human residence;

(C) is used as a residence; and

(D) is occupied as his principal residence by an owner or, for property owned through a beneficial interest in a qualifying trust, by a trustor of the trust who qualifies for the exemption.

TEX. TAX CODE ANN. § 11.13(j)(1) (Vernon 2008). The District and Board specifically focus on section 11.13(j)(1)(D), which requires the owner seeking the exemption to occupy the property as his principal residence. They contend that the evidence at trial was insufficient to support the trial court's conclusion that the Wilkinsons occupied the mobile home as their principal residence on January 1, 2004.

### 1. Standard of review

■ In an appeal from a bench trial, a trial court's conclusions of law are reviewed de novo as legal questions. *See, e.g., Potcinske v. McDonald Prop. Invs., Ltd.,* 245 S.W.3d 526, 529 (Tex.App.-Houston [1st Dist.] 2007, no pet.). This standard of review applies to a trial court's interpretation of a statute. *E.g., City of Rockwall v. Hughes,* 246 S.W.3d 621, 625 (Tex.2008). We give no deference to the trial court's resolution of a question of law. *E.g., State v. Heal,* 917 S.W.2d 6, 9 (Tex. 1996). Instead, we review the trial court's fact findings and exercise our own judgment to draw legal conclusions. *E.g., Potcinske,* 245 S.W.3d at 529; *Houston Bellaire, Ltd. v. TCP LB Portfolio I, L.P.,* 981 S.W.2d 916, 919 (Tex.App.-Houston [1st Dist.] 1998, no pet.).

### 2. Statutory analysis

To qualify for a homestead exemption, the Wilkinsons had to demonstrate that the mobile home was occupied as their "principal residence." TEX. TAX CODE ANN. § 11.13(j)(1)(D) (Vernon 2008). The Tax Code does not define "principal residence."

■ When construing a statute our primary objective is to determine and give effect to the intent of the Legislature. *E.g., City of Dallas v. Abbott,* 304 S.W.3d 380, 384 (Tex.2010); *Hernandez v. Ebrom,* 289 S.W.3d 316, 318 (Tex.2009). That intent is discerned from the actual language used by the Legislature. *E.g., Hernandez,* 289 S.W.3d at 318. When the legislature has not defined a term or phrase, we give it its ordinary or common meaning. *E.g., City of Rockwall,* 246 S.W.3d at 625; *see also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005).

■ In the particular context of this provision of the Tax Code, we note also that "exemptions from taxation are not favored by the law and will not be favorably construed." *N. Alamo Water Supply Corp. v. Willacy County Appraisal Dist.,* 804 S.W.2d 894, 899 (Tex.1991); *see also River Oaks Garden Club v. City of Houston,* 370 S.W.2d 851, 854 (Tex.1963). "Statutory exemptions from taxation are subject to strict construction because they

undermine equality and uniformity by placing a greater burden on some taxpaying businesses and individuals rather than placing the burden on all taxpayers equally." *N. Alamo Water Supply,* 804 S.W.2d at 899 (citing *Bullock v. Nat'l Bancshares Corp.,* 584 S.W.2d 268, 271–72 (Tex.1979), and *Hilltop Village, Inc. v. Kerrville Indep. Sch. Dist.,* 426 S.W.2d 943, 948 (Tex. 1968)).

The question in this case is not whether the Wilkinsons' mobile home was a residence, but whether it was their principal one. The common meaning of "principal" is "most important, consequential, or influential: relegating comparable matters, items, or individuals to secondary rank." WEBSTER'S THIRD INTERNATIONAL DICTIONARY 1802 (Philip B. Gove ed., 1961); *see also* BLACK'S LAW DICTIONARY 1312 (9th ed. 2009) (defining "principal" as "[c]hief; primary; most important"). The ordinary or common meaning of "principal residence" in the context of the definition of "residential homestead" under Tax Code section 11.13(j) is the owner's main or primary residence. *Accord* Op. Tex. Att'y Gen. No. JC–0415 (2001) (construing "principal residence" as used in § 11.13(j)(1)(D) as "the owner's primary or chief residence that the owner actually occupies on a regular basis").

### 3. Application

Applying this statutory standard, the facts found by the district court do not support a legal conclusion that the mobile home ever was the Wilkinsons' main or primary residence. Indeed, they support the opposite conclusion. When the Wilkinsons moved into the mobile home in December 2003, they had just purchased a 4,500–square–foot home in Tomball. They were waiting for work to be completed on that house before they moved into it. These facts demonstrate that the Wilkinsons moved into the mobile home intending for it to be a temporary residence. Accordingly, the evidence presented to and the facts found by the district court do not support the legal conclusion that the mobile home ever was the Wilkinson's "principal residence" in that term's statutory sense, meaning that home which the Wilkinsons considered to be their main or primary residence. Our conclusion in this regard is bolstered by the fact that the Tax Code anticipates circumstances in which the owner of a residence homestead temporarily lives in another residence, and provides that a home will not necessarily lose its character as a residence homestead for that reason. *See* TEX. TAX CODE ANN. § 11.13(*l*) (Vernon 2008). A transient stay in a mobile home pending a move from one primary residence to another does not transform the temporary residence into a "principal residence."

The Wilkinsons argue on appeal, and the district court concluded as a matter of law, that they were entitled to a residence-homestead exemption because their ownership of the mobile home on January 1, 2004 qualified for the exemption under the criteria ordinarily applied by the District and Board to determine the application of the exemption. Those criteria included occupation of the property as a principal residence on January 1 of the tax year involved. As we have explained above, the Wilkinsons failed to establish that the mobile home was their principal residence, and accordingly the District and Board did not depart from their own criteria for the exemption when they denied the Wilkinsons' request.

We sustain issue 1. Because of our resolution of this issue, we need not reach the as-applied constitutional challenge to Tax Code section 11.26.

### Conclusion

We reverse the trial court's judgment and render judgment in favor of the Har-

ris County Appraisal District and the Harris County Appraisal Review Board.