Rene MARTINEZ, Appellant,

v.

DALLAS CENTRAL APPRAISAL DIS-
TRICT and Dallas County Apprais-
al Review Board, Appellees.

No. 05–09–00858–CV.

Court of Appeals of Texas,
Dallas.

March 22, 2011.

Rehearing Overruled April 19, 2011.

Ronald D. Gray, Geary Porter & Donovan, P.C., Addison, TX, for Appellant.

Donald W. Hicks Sr., Law Offices of Donald W. Hicks, Sr., P.C., Dallas, TX, for Appellees.

Before Justices MARTIN RICHTER, LANG, and MYERS.

## OPINION

Opinion by Justice MARTIN RICHTER.

This case involves the appraisal for ad valorem property tax purposes of residential real property qualified to receive a homestead exemption under the property code. Following a bench trial, judgment was entered against the property owner Rene Martinez in favor of the Dallas County Appraisal District ("DCAD"). In five issues on appeal, Martinez contends the trial court erred in sustaining (1) DCAD's calculation allowing more than a ten percent per year increase in the appraised value of Martinez's homestead; (2) DCAD's denial of a $15,000 school exemption; (3) DCAD's denial of the $5,000 minimum local option school exemption; and (4) DCAD's calculation of the local school option exemption as applied to Martinez's homestead. In his fifth issue, Martinez asserts the trial court erred in failing to award his attorney's fees. We conclude the trial court correctly determined DCAD's calculation of exemptions, but erred in sustaining DCAD's calculation allowing more than a ten percent per year

increase in the appraised value of Martinez's homestead and in failing to award Martinez his reasonable attorney's fees. Accordingly, we affirm the trial court's judgment on the calculation of exemptions, reverse the trial court's judgment as to the calculation of the ten percent cap and attorney's fees, and render judgment for Martinez on the appraised value of his residence homestead for the tax years 2004, 2005, and 2006 and the attorney's fees he established at trial. We remand for a determination of whether the attorney's fees Martinez is entitled to receive exceed the statutory limitations on such fees in light of the total amount by which Martinez's tax liability is reduced as a result of this appeal.

## I. BACKGROUND

Martinez and each of his three siblings own an undivided twenty-five percent interest in a residence located in Dallas, Texas. Martinez has occupied the property and claimed it as his residence homestead for at least the last twenty-five years. In 2003, DCAD set the homestead capped appraised value of the residence at $144,250. The next year, the cap was set at $241,598. In 2005, the homestead capped appraised value was $245,564. Until 2005, Martinez's DCAD account was shown as a single-owner account to which a one hundred percent homestead exemption was applied. In 2006, Martinez received a notice of appraised value for the assessment of ad valorem property taxes stating that the 2006 appraised value of the property was $298,587. Martinez also learned that DCAD had corrected the documentation concerning ownership of the property to reflect multiple owners. As a result, DCAD recalculated the homestead

exemption from one hundred percent to twenty-five percent for the 2004 and 2005 tax periods, and also applied the twenty-five percent exemption to the 2006 tax period. Martinez filed a motion under the tax code requesting correction of the appraisal roll and subsequently appeared before the Appraisal Review Board (the "Board"). Martinez's protest before the Board challenged DCAD's identification of property ownership and application of the homestead cap and homestead exemptions for the 2004, 2005, and 2006 tax years. When the Board issued orders denying the requested corrections, Martinez initiated a de novo review of the Board's orders in the district court. The relief requested included a request that the court order a correction of the appraised value of the property.

In addition to the complaints asserted before the Board concerning identification of ownership, the homestead cap, and the homestead exemption, Martinez's petition in the district court also asserted that DCAD misapplied the local school tax exemption and incorrectly stated the market value of the property.[1] At trial, Martinez abandoned his arguments concerning erroneous ownership information and market value, and tried only two issues to the court—whether DCAD incorrectly calculated and applied the ten percent cap on increases in appraised value, and whether DCAD incorrectly calculated the homestead exemptions relating to school taxes. Upon conclusion of the trial, the judge signed a judgment denying all of Martinez's requested relief for the 2006 tax period and ordering that no modification be made to the 2006 appraisal rolls. On the same day, the trial judge also issued findings of fact and conclusions of law

---

1. There is no record of the proceedings before the Board, nor is there any indication that DCAD objected to the trial of the local school tax exemption issue during the trial court's de novo review of the Board's orders. Therefore, we assume this issue was properly before the trial court.

which provided, *inter alia*, that DCAD was not seeking to apply the corrected homestead allocation to years before 2006. The court further found that "based on the ... joint and undivided ownership in the ... property ... and applying the plain and ordinary meaning of the provisions of section 11.41 of [the tax code] ... DCAD's treatment of the ... property ... in all respects should be sustained." Martinez subsequently moved to modify the judgment. In the motion, Martinez complained that notwithstanding the Mother Hubbard clause in the judgment, the judgment failed to include the 2004 and 2005 tax years and did not address the application of the ten percent per year homestead cap on increased valuation. Martinez further objected to the judgment because it referenced market value rather than appraised value. Finally, Martinez complained that the judgment pertained only to DCAD, and ignored the Board, the remaining defendant in the lawsuit. The motion to modify was overruled by operation of law. This appeal followed.

## II. DISCUSSION

### Cap on Appraised Value

In his first issue, Martinez asserts the trial court erred in allowing DCAD to prorate the ten percent cap based on his partial ownership of the homestead because such a calculation results in an increase exceeding ten percent of the appraised value of the property. In the court below, DCAD justified its assessment in excess of the ten percent cap claiming only twenty-five percent of the property qualifies as a residence homestead because Martinez only owns an undivided twenty-five percent interest in the property. Martinez argues the tax code does not provide for proration of the ten percent limit based on partial ownership of the qualifying residence homestead.

DCAD did not file a brief, so we are without the benefit of a response to this argument.

Our determination is one of statutory construction. We review matters of statutory construction de novo. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex.2000). Our primary objective in construing statutes is to give effect to the Legislature's intent. *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex.2009). The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex.2008); *see also Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex.1999) ("It is a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent."). We may consider the objective of the statute, legislative history, and the consequences of a proposed construction. TEX. GOV'T CODE ANN. §§ 311.023(1), (3), (5) (West 2005). In addition, "[w]e must always consider the statute as a whole rather than its isolated provisions." *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex.2001). "We should not give one provision a meaning out of harmony or inconsistent with other provisions, although it may be susceptible to such a construction standing alone." *Id.*

During the relevant time period, the Texas Constitution provided that the Legislature could limit the amount of increase in the appraised value of a residence homestead for tax purposes to ten percent per year. *See* TEX. CONST. art. VII, § 1(i)

(1997).[2] The Legislature provided for such a limitation. The applicable provision of the tax code in effect for the tax year at issue in this case provided:

> The appraised value of **a residence homestead** for a tax year may not exceed the lesser of (1) the market value of **the property;** or (2) the sum of (A)10 percent of the appraised value of **the property** for the last year in which **the property** was appraised for taxation times the number of years since **the property** was last appraised; (B) the appraised value of **the property** for the last year in which **the property** was appraised; and (C) the market value of all new improvements to **the property.**

Act of June 20, 2003, 78th Leg., R.S., ch. 1173, § 9, 2003 Tex. Gen. Laws 3357–58 (amended 2008) (current version at Tex. Tax Code Ann. § 23.23(a) (West Supp. 2009)) (emphasis added). The tax code defines residence homestead as:

> ... a structure ... or a separately secured or occupied portion of a structure ... that:
>
> (A) is owned by one or more individuals, either directly or through a beneficial interest in a qualifying trust;
>
> (B) is designed or adapted for human residence;
>
> (C) is used as a residence; and
>
> (D) is occupied as his principal residence by an owner, or for property owned through a beneficial interest in a qualifying trust, by a trustor of the trust who qualifies for the exemption.

*See* Tex. Tax Code Ann. § 11.13(j)(1) (West 2008).

■ There was no dispute that Martinez occupied the property as his principal residence and used the entire property as his homestead. The question in the present case is whether the statute provides for calculation of the cap based on proportional ownership of the residence homestead.

We begin our analysis with section 23.23. In *Bader v. Dallas Central Appraisal District.*, 139 S.W.3d 778, 782 (Tex. App.-Dallas 2004, pet. denied), this court concluded that the ten percent cap applies to the residence homestead as a single unit that includes the land together with the improvements. In reaching this conclusion, the court noted that the term "residence homestead" is "plainly the subject of the statutory section since it appears in the heading and first sentence of the section." *Id.* at 782. The term "the property" appears seven times in section 23.23(a), referring back to the first mention of property in the statute—the residence homestead. *See id.* Use of the definite article "the" before "property" suggests the inclusion of the entirety of the property comprising the residence homestead. *Bader,* 139 S.W.3d at 783. The same conclusion—that residence homestead means the property in its entirety—is equally applicable here. Section 23.23 contains no reference to the percentage of ownership in a residence homestead. Instead, the statutory language refers to application of the cap to the residence homestead without qualification or limitation.

The definition of a residence homestead set forth in section 11.13 is also instructive to our analysis. Although section 11.13 expressly references exemptions, there is no indication the definition is restricted only to exemptions. Moreover, section 11.13 is the only section in the tax code that defines "residence homestead," and other sections of the tax code rely on the section 11.13 definition. *See e.g.,* Tex. Tax Code Ann. § 34.21(g)(4) (West Supp.2009)

---

**2.** This section was amended in 2007, but the amendment does not control the 2006 tax year at issue in this case. *See* Tex. Const. art. VII, § 1(i) (2007).

(providing "residence homestead" has the meaning assigned by section 11.13). Pertinent to our analysis, section 11.13(j)(1)(A) provides that a residence homestead may be owned by one or more individuals. Moreover, property need not be owned in fee simple to qualify as a residence homestead. *See e.g., Copeland v. Tarrant Appraisal Dist.*, 906 S.W.2d 148, 152 (Tex. App.-Fort Worth 1995, writ denied) (surviving spouse's life estate qualifies as a residence homestead). Thus, by definition, the character of a residence homestead is not dependant upon a one hundred percent ownership interest vested in a single individual.

In the trial court, DCAD claimed the calculation of the increase in the appraised value of the homestead based on Martinez's ownership interest was justified by section 11.41(a) of the tax code. This section, entitled "Partial Ownership of Exempt Property" provides:

> If a person who qualifies for an **exemption as provided by this chapter** is not the sole owner of the property to which the **exemption** applies, the **exemption** shall be multiplied by a fraction, the numerator of which is the value of the property interest the person owns and the denominator of which is the value of the property.

TEX. TAX CODE ANN. § 11.41(a) (West 2008) (emphasis added). We are not persuaded by this argument. The foregoing section of the tax code expressly refers to exemptions. But there is nothing in the tax code to suggest the statutory cap in section 23.23 is an exemption. And even if the cap were to be characterized as an exemption, it is not among the enumerated exemptions "provided by" chapter 11.

Based on our review, we conclude DCAD's preferred interpretation of the statutory cap set forth in section 23.23 is contrary to the express language of the statute. The statute does not provide for application of the cap to a percentage of ownership. Rather, the express language of the statute provides for application of the cap to the appraised value of the homestead in its entirety.

Our construction above comports with the overall treatment of fractional property interests in the tax code. When the Legislature intended that a provision be applied relative to a property owner's fractional interest in property, they so specified. *See, e.g.,* TEX. TAX CODE ANN. § 11.41(a) (providing for fractional calculation of exemptions). In the absence of such specification, as in the case at bar, we can only conclude the legislature had no such intent.

Based on the plain language of the statute, we conclude the trial court erred in determining DCAD correctly applied the residence homestead appraised value cap and that the appraisal rolls for the tax years 2004, 2005, and 2006 were correct. Because the property is Martinez's residence homestead, the appraised value of the property should not have increased more than ten percent per year. Therefore, beginning with the 2003 appraised value of $144,250, the appraised value of Martinez's residence homestead should have been no more than $158,675 in 2004, $174,542.50 in 2005, and $191,996.75 in 2006.[3] Martinez is entitled to have the appraised value of the property on the appraisal rolls reduced to these amounts. Appellant's first issue is sustained.

**3.** These values represent one hundred ten percent of the appraised value for each preceding year.

**Attorney's Fees**

■ In his fifth issue, Martinez argues the trial court erred in denying his recovery of attorney's fees. Well-settled law precludes awarding attorney's fees in the absence of contractual or statutory authority. *See Dallas Cent. Appraisal Dist. v. Seven Inv. Co.,* 835 S.W.2d 75, 77 (Tex.1992). We generally review a trial court's decision to award attorney's fees for an abuse of discretion. *Bocquet v. Herring,* 972 S.W.2d 19, 20 (Tex.1998). A trial court abuses its discretion if its decision "is arbitrary, unreasonable, and without reference to guiding principles." *Goode v. Shoukfeh,* 943 S.W.2d 441, 446 (Tex.1997).

■ Martinez argues he is entitled to attorney's fees under sections 42.25 and 42.29 of the tax code because DCAD's appraisal of his property was excessive. *See* TEX. TAX CODE ANN. § 42.25 (West 2008); Act of May 21, 1997, 75th Leg., R.S., ch. 203, § 2, Tex. Gen. Laws 1070–71 (amended 2009) (current version at TEX. TAX CODE ANN. § 42.29 (West Supp.2009)).[4] Section 42.25 provides as follows:

> If the court determines that the appraised value of property according to the appraisal roll exceeds the appraised value required by law, the property owner is entitled to a reduction of the appraised value on the appraisal roll to the appraised value determined by the court.

TEX. TAX CODE ANN. § 42.25. The "appraised value" of a property is defined as the value "determined as provided by chapter 23 [of the tax code]." TEX. TAX CODE ANN. § 1.04(8) (West 2008). Section 42.29 states that a property owner who is successful in an "excessive appraisal" appeal under section 42.25 may be awarded

attorney's fees. Specifically, section 42.29 provides:

> (a) A property owner who prevails in an appeal to the court under section 42.25 or 42.26 **may be awarded** reasonable attorney's fees. The amount of the award may not exceed the greater of:
> (1) 15,000; or
> (2) 20 percent of the total amount by which the property owner's tax liability is reduced as a result of the appeal.
> (b) Notwithstanding Subsection (a), the amount of an award of attorney's fees may not exceed the lesser of:
> (1) $100,000; or
> (2) the total amount by which the property owner's tax liability is reduced as a result of the appeal.

TEX. TAX CODE ANN. § 42.29 (emphasis added); *see also Dallas Cent. Appraisal Dist.,* 835 S.W.2d at 79 (attorney's fees recoverable by taxpayer who prevails in excessive or unequal appraisal).

There is no dispute that the case involves an "excessive appraisal." The focus of our inquiry is whether an attorney's fees award under section 42.29 is mandatory or discretionary.

■ At first blush, the use of the word "may" in section 42.29 might reasonably be interpreted as giving the trial court the discretion to award attorney's fees. *See* TEX. GOV'T CODE ANN. §§ 311.016(1),(2) (West 2005) (stating word "may" creates discretionary authority or grants permission or power, but word "shall" imposes duty). However, as noted by our sister court "whether a statute requires the imposition of attorney's fees or vests the trial court with discretion to decide does not depend exclusively on whether the statute uses the word 'may' or 'shall.'" *Aaron Rents, Inc. v. Travis Cent. Appraisal*

---

**4.** The 2009 change to the statute is not material to our analysis.

*Dist.*, 212 S.W.3d 665, 671 (Tex.App.-Austin 2006, no pet.) (op. on reh'g) (citing *Bocquet v. Herring*, 972 S.W.2d at 20). In *Bocquet*, the Texas Supreme Court was asked what standard of review governs an award of attorney's fees under the section of the declaratory judgments act which provides "the court 'may' award attorney's fees." *Bocquet*, 972 S.W.2d at 20. The court held the statute in question afforded courts some discretion in whether to award fees. *Id.* In so holding, the court noted that statutes providing a "court may award" attorney's fees grant courts a measure of discretion in awarding attorney's fees, but statutes providing that "a party may recover," "party shall be awarded," or "party is entitled to" attorney's fees mandate an award of fees. *Id.; see also C. Green Scaping, L.P. v. Westfield Ins. Co.*, 248 S.W.3d 779, 789 (Tex.App.-Fort Worth 2008, no pet.) (applying *Bocquet* and comparing discretionary language in section 38.001 of civil practice and remedies code to mandatory language in section 2253.07 of government code); *Rosenblatt v. Freedom Life Ins. Co.*, 240 S.W.3d 315, 319–20 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (applying *Bocquet* to determine fees mandatory under former article 21.21 of the insurance code). The distinction drawn by the *Bocquet* court has been characterized as "hing[ing] upon whether the statute in question speaks to what the litigant may receive or what the court may award." *Aaron Rents*, 212 S.W.3d at 672 (citing *Zapata County Appraisal Dist. v. Coastal Oil & Gas Corp.*, 90 S.W.3d 847, 853 (Tex.App.-San Antonio 2002, no pet.)).

Texas courts appear to be split on which meaning attaches to section 42.29, although neither of the two courts that have described attorney's fees as discretionary under section 42.29 actually reached the issue of attorney's fees. *See Tex–Air Helicopters, Inc. v. Appraisal Review Bd.*, 940 S.W.2d 299, 304 (Tex.App.-Houston [14th Dist.] 1997), *aff'd*, 970 S.W.2d 530 (Tex. 1998) (describing fee award as discretionary but not reaching issue because party did not prevail); *Tex–Air Helicopters, Inc. v. Harris Co. Appraisal Dist.*, 15 S.W.3d 173, 177 (Tex.App.-Texarkana 2000, pet. denied) (stating award discretionary but not determining issue because no "excessive appraisal"). Conversely, courts that have decided the attorney's fees issue have concluded that the language in section 42.29 providing that a property owner "may be awarded reasonable attorney's fees" mandates an award of attorney's fees if the property owner prevails. *See Aaron Rents*, 212 S.W.3d at 676; *Zapata*, 90 S.W.3d at 854.

In *Aaron Rents*, a furniture company succeeded on its declaratory judgment action against the taxing authority, but the trial court denied recovery of attorney's fees. On appeal, the court was required to determine whether attorney's fees were properly recoverable under either the tax code or the declaratory judgments act. Concluding the action involved an "excessive appraisal," in which the property owner prevailed, the court held attorney's fees were mandatory under section 42.29 of the tax code. *Aaron Rents*, 212 S.W.3d at 676. In reaching this conclusion, the court examined language in a prior version of the statute which stated that a prevailing party was "entitled to reimbursement for reasonable attorney's fees" and noted that "the bill analysis attached no significance" to the change from the former language of the statute to that which appears in the current version. *Aaron Rents*, 212 S.W.3d at 674 (citing Senate Comm. on Finance, Bill Analysis, Tex. H.B. 1580, 68th Leg., R.S. (1983)). The court also relied on our decision in *Gardner v. Warehouse Partners*, No. 05–97–01501–CV, 2000 WL 284185 at *1 (Tex.App.-Dallas March 17, 2000, no pet.) (not designated for publica-

tion) in support of its conclusion. In *Gardner*, we concluded the language in section 92.0081 of the property code which provides that "the tenant may recover . . . reasonable attorney's fees" is mandatory, not discretionary. *Id.* Comparing the section of the property code at issue in *Gardner* to the section of the tax code at issue here, the *Aaron Rents* court noted that the subject of the relevant portions of both statutes "is a prevailing party, not the court." *Aaron Rents*, 212 S.W.3d at 674. In other words, both statutes "[couple] the use of a prevailing party as the subject of the statute with the use of the word 'may' when describing the remedies available to a litigant." *Id.* The *Aaron Rents* court further noted that the unusual circumstances of this type of claim also support the conclusion that an attorney's fees award is not discretionary. *Id.* Consequently, the *Aaron Rents* court concluded "it is reasonable to conclude the legislature intended parties to recover the amount of attorney's fees incurred in pursuing their claims when they prevail." *Id.*

Likewise, in *Zapata*, the court concluded that the award of attorney's fees is mandatory under section 42.29. *Zapata*, 90 S.W.3d at 854. The court reasoned that the issue was whether the language in section 42.29 "may be awarded" is more like statutes providing "the court may award" or more like statutes providing that "a party may recover" reasonable attorney's fees. *Zapata*, 90 S.W.3d at 853. The court concluded that section 42.29 is similar to the latter, and therefore an award of attorney's fees is mandatory. *See Zapata*, 90 S.W.3d at 854. In so concluding, the *Zapata* court relied on a distinction first articulated in *Kimbrough v. Fox*, 631 S.W.2d 606, 609 (Tex.App.-Fort Worth 1982, no writ). The *Kimbrough* court was charged with determining whether statutory language providing that "a claimant may . . . recover . . . a reason-

able amount of attorney's fees" was mandatory or discretionary. *Id.* at 609 (quoting Tex.Rev.Civ. Stat. Ann. art. 2226 (1979)). Focusing on the location of the word "may" in the statute, the court concluded the statute did not vest the court with discretion. To this end, the court reasoned " . . . if the legislature had intended to vest permission or discretion in the trial court, the permissive language would have provided that the court may award (such fees)." *Id.* at 609. Consequently, the court held that "upon such proof, the award is mandatory." *Id.*

We concur with the sentiment expressed by the Austin court when it stated "[w]ere the slate clean, we would not draw the extremely subtle semantic distinction originally articulated in *Kimbrough.* Courts should be able to presume that the legislature speaks in more direct ways than this distinction implies." *Aaron Rents*, 212 S.W.3d at 675. As the Austin court further noted, however, "the slate is not clean." *Id.* Therefore, in light of the supreme court's statement in *Bocquet*, adopting the reasoning of our sister courts in *Aaron Rents* and *Zapata*, we conclude the language in section 42.29 is mandatory, and affords the trial court no measure of discretion in determining whether to award attorney's fees. At trial, Martinez offered uncontroverted evidence he incurred $10,000 in reasonable attorney's fees. Upon such proof, Martinez was entitled to recover those fees, subject to the limitations imposed by section 42.29. Martinez's fifth issue is sustained.

Although DCAD's failure to challenge whether the attorney's fees exceed the statutory limit would ordinarily result in a waiver, on this record we are unable to determine the total amount by which Martinez's tax liability will be reduced for the 2004–2006 tax years after the allowable percentage of the exemptions is applied to

the reduced appraised values of the residence homestead set forth in this opinion. Accordingly, we remand the case to the trial court for a determination of whether the $10,000 attorney's fees award exceeds the limitations set forth in section 42.29.

**School Tax Exemptions**

In 2004, 2005, and 2006, the Dallas Independent School District ("DISD") granted a general homestead exemption of $15,000 plus an optional homestead exemption of ten percent of appraised value. DCAD prorated these exemptions based on Martinez's fractional interest in the property. In his second, third, and fourth issues, Martinez contends the trial court erred in sustaining DCAD's calculation and application of these school tax exemptions.

Specifically, Martinez claims he was constitutionally entitled to school tax homestead exemptions of at least $20,000 for each of the tax years from 2004 through 2006. In support of his argument, Martinez asserts the Texas Constitution grants "an adult" a $15,000 school tax exemption, and the constitution and the tax code grant "an individual" a minimum $5,000 exemption when a taxing unit such as DISD allows an optional homestead amount. *See* TEX. CONST. art. VIII, § 1–b(c), (e); TEX. TAX CODE ANN. § 11.13(n) (West 2008). Therefore, according to Martinez, he should have been allowed at least the $15,000 mandated and the $5,000 minimum optional school tax exemptions each year.

■ We first examine the $15,000 exemption Martinez describes as constitutionally mandated. The constitutional provision upon which Martinez relies states:

Fifteen Thousand Dollars ($15,000) of the market value of the residence homestead of a married or unmarried adult, including one living alone, is exempt from ad valorem taxes for general elementary and secondary public school purposes.

TEX. CONST. art. VIII, § 1–b (c). This provision is codified in the tax code which states:

An adult is entitled to exemption from taxation by a school district of $15,000 of the appraised value of the adult's residence homestead . . . .

TEX. TAX CODE ANN. § 11.13(b) (West 2008). In the court below, DCAD asserted that only twenty-five percent of the appraised value of the homestead was subject to the cap. Martinez contends the allocation provision in section 11.41(a) of the tax code which provides for the application of exemptions based upon a person's fractional ownership interest in property "should not apply." According to Martinez, reduction of the exemptions allowed in specific dollar amounts by the constitution "should not be allowed."

■ We note at the outset that in Texas, exemptions from taxation are not favored in the law. *See Harris County Appraisal Dist. v. Wilkinson*, 317 S.W.3d 763, 766 (Tex.App.-Houston [1st Dist.] 2010, no pet.). Thus, both statutory and constitutional provisions purporting to grant exemptions from taxation are given a narrow and strict construction, and all doubts are resolved against the granting of an exemption. *Davies v. Meyer*, 528 S.W.2d 864, 867 (Tex.Civ.App.-Fort Worth 1975), *aff'd*, 541 S.W.2d 827 (Tex.1976). We review Martinez's argument in this context.

■ Martinez offers no authority to support the proposition that section 11.41 does not limit the $15,000 exemption, and instead simply asserts the exemption "should not be limited." To the extent Martinez is arguing section 11.41(a) is unconstitutional, we reject his argument. In evaluating whether a statute is unconstitutional, we begin by presuming the statute's constitutionality and defer to the Legislature's determinations of a statute's wisdom

or expediency. *Enron Corp. v. Spring Indep. Sch. Dist.*, 922 S.W.2d 931, 934 (Tex.1996). We further presume that the Legislature "understands and correctly appreciates the needs of its own people, that its laws are directed to problems made manifest by experience, and that its discriminations are based on adequate grounds." *Id.* (quoting *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex.1968)). A party who wishes to challenge the constitutionality of a statute bears the burden of demonstrating that the enactment fails to meet constitutional requirements. *Id.* Offering only unsupported argument that the law "should not apply," Martinez fails to meet this burden.

In addition, Martinez's argument ignores the constitutional provision which states "[t]he legislature may by general law prescribe procedures for the administration of residence homestead exemptions." Tex. Const. art. VIII, § 1–b(e). Pursuant to this authorization, the legislature enacted section 11.41(a) of the tax code. As we previously noted, while it is clear that section 11.41 does not apply to limit the ten percent homestead cap, it is equally clear that it does apply to exemptions.

Section 11.41(a) provides that if a person qualified for an exemption provided by chapter 11 is not the sole owner of the property, the exemption is applied as a percentage of the person's interest in the property. *See* Tex. Tax Code Ann. § 11.41(a). The $15,000 exemption is among those exemptions provided for in chapter 11. *See* Tex. Tax Code Ann. § 11.13(b). Therefore, the trial court did not err in sustaining DCAD's calculation and application of the $15,000 exemption.

■ Next we consider Martinez's argument that he is entitled to an additional school homestead exemption in the amount of $5,000. The constitutional provision at issue states:

> The governing body of a political subdivision ... may exempt from ad valorem taxation a percentage of the market value of the residence homestead of a married or unmarried adult ... The percentage may not exceed twenty percent. However, the amount of an exemption authorized pursuant to this subsection may not be less than Five Thousand Dollars ($5,000) **unless the legislature by general law prescribes other monetary restrictions on the amount of the exemption.**

Tex. Const. art. VIII, § 1–b(e) (emphasis added). This section of the constitution is codified in the tax code. *See* Tex. Tax Code Ann. § 11.13(n) (West 2008). Martinez acknowledges the exemption is optional, but insists that even if section 11.41 limits the amount of the optional exemption to which he is entitled, the exemption cannot be less than $5,000. We disagree.

The constitution does not provide the exemption must always be at least $5,000. Rather, it provides for such exemption unless the legislature prescribes other restrictions. *See* Tex. Const. art. VIII, § 1–b(e). In enacting section 11.41(a), the legislature restricted the amount of exemptions to which a property owner is entitled to the percentage of ownership interest in the property. Therefore, we conclude the trial court did not err in sustaining DCAD's calculation and pro rata application of Martinez's school tax exemptions. Martinez's second, third, and fourth issues are overruled.

## III. CONCLUSION

We affirm the trial court's judgment on the calculation of exemptions, and reverse the trial court's judgment on the calculation of the ten percent residence homestead appraised value cap and attorney's

fees. We render judgment for Martinez that the appraised value of the residence homestead is $158,675 for the 2004 tax year, $174,542.50 for the 2005 tax year, and $191,996.75 for the 2006 tax year. We further render judgment that Martinez recover attorney's fees, and remand for the trial court's determination of whether the $10,000 attorney's fees award exceeds the statutory limitation on such fees set forth in section 42.29 after the allowable percentage of the exemptions is applied to the reduced appraised value of the homestead as set forth in this opinion.