**AFFIRM; and Opinion Filed July 21, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01470-CV

### SAM GRIFFIN FAMILY INVESTMENTS-I, INC., D/B/A BUMPER TO BUMPER CAR WASH, Appellant
### V.
### DALLAS CENTRAL APPRAISAL DISTRICT, Appellee

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 10-10450-H**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Brown
Opinion by Justice Brown

Sam Griffin Family Investments-I, Inc., d/b/a Bumper to Bumper Car Wash (Griffin), sued the Dallas Central Appraisal District (DCAD) to challenge the appraised value of its car wash business real property for the 2010 tax year. The parties eventually reached an agreement to reduce the appraised value of the property. The trial court entered an agreed final judgment reducing the value of the property in accordance with the parties' agreement, but expressly reserved the issue of Griffin's attorney's fees for resolution by the court. After a trial before the court, the trial court denied Griffin's request for attorney's fees. In its sole issue in this appeal, Griffin contends the trial court abused its discretion in not awarding attorney's fees. We affirm the trial court's order denying Griffin's request for attorney's fees.

Griffin operates a car wash located in Dallas County. For the tax year 2010, DCAD valued the car wash property at $499,210. Griffin filed a protest with the appraisal review board (ARB). After a hearing, the ARB denied the protest on July 2, 2010. It ordered that the appraisal records were correct and should not be changed.

In August 2010, Griffin filed this lawsuit in the district court to appeal de novo the ARB's decision. *See* TEX. TAX CODE ANN. §§ 42.21, 42.23 (West Supp. 2013). Griffin alleged the $499,210 assessment incorrectly included the value of trade fixtures. After discovery and the denial of Griffin's motion for summary judgment, the parties reached an agreement about the value of the property. In August 2012, the trial court entered an agreed judgment in accordance with the parties' agreement. The judgment ordered that the value of the property for the 2010 tax year was $270,070, of which $155,070 was the value of the land and $115,000 was the value of the building. The court further ordered that DCAD's appraisal rolls be modified to reflect this value. The judgment expressly reserved the issue of attorney's fees.

On September 20, 2012, the trial court held a trial before the court on the issue of attorney's fees. Griffin's attorney was the sole witness at the proceeding. He testified that Griffin incurred $28,000 in attorney's fees. The fees incurred were for work that included three trial settings, two hearings on motions for summary judgment, one discovery hearing, a status conference, and consultations with multiple expert witnesses. Griffin's attorney also asked the trial court to take judicial notice of the deposition of David Pennington, a DCAD representative, attached to a brief filed with the court on the attorney's fee issue. The trial court took the matter of attorney's fees under advisement and later signed an order denying Griffin's request for attorney's fees.

In its sole issue, Griffin contends that attorney's fees were mandatory in this case under section 42.29 of the property tax code. The property tax code provides that an owner is entitled

to protest various actions before the ARB. TEX. TAX CODE ANN. § 41.41 (West 2008). In limited circumstances, section 42.29 allows a property owner who prevails in an appeal of an ARB ruling to the district court to recover attorney's fees. At the time Griffin filed this lawsuit, section 42.29 provided:

> (a) A property owner who prevails in an appeal to the court under Section 42.25 or 42.26 may be awarded reasonable attorney's fees. The amount of the award may not exceed the greater of:
>
> > (1) $15,000; or
>
> > (2) 20 percent of the total amount by which the property owner's tax liability is reduced as a result of the appeal.

Act of May 12, 1997, 75th Leg., R.S., ch. 203, § 2, 1997 Tex. Gen. Laws 1070 (current version at TEX. TAX CODE ANN. § 42.29 (West Supp. 2013)). Section 42.25 provides for a reduction of the appraised value on the appraisal roll if the court determines that the appraised value of the property exceeds the appraised value required by law. TEX. TAX CODE ANN. § 42.25 (West 2008). Section 42.26 provides a remedy for the unequal appraisal of property in comparison to comparable properties and sets out three ways an appraisal can be shown to be unequal. TEX. TAX CODE ANN. § 42.26(a) (West 2008). This Court has held that the "may be awarded" language in section 42.29 is mandatory and affords a trial court no measure of discretion in determining whether to award attorney's fees. *Martinez v. Dallas Cent. Appraisal Dist.*, 339 S.W.3d 184, 192 (Tex. App.—Dallas 2011, no pet.); *see Atascosa Cnty. Appraisal Dist. v. Tymrak*, 815 S.W.2d 364, 366 (Tex. App.—San Antonio 1991), *aff'd on other grounds*, 858 S.W.2d 335 (Tex. 1993) (attorney's fees may be awarded under section 42.29 when parties settle).

The party seeking to recover attorney's fees carries the burden of proof. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991). Well-settled law precludes awarding attorney's fees in the absence of contractual or statutory authority. *Martinez*, 339 S.W.3d at 190.

We review a trial court's decision to deny attorney's fees for an abuse of discretion. *Id.* A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding principles. *Id.*

The trial court made findings of fact and conclusions of law on the attorney's fee issue. The court's findings indicate it determined Griffin did not prove there was an excessive appraisal under section 42.25 or an unequal appraisal under section 42.26. Tracking the language of section 42.25, the court found that Griffin did not prove by a preponderance of the evidence that the appraised value of its property exceeded the appraised value required by law. The court also found that Griffin did not prove an unequal appraisal under any of the methods set out in section 42.26(a) and made findings tracking the language in that section.

In its appellate brief, Griffin has not challenged any of the trial court's findings of fact. When findings of fact are filed and are unchallenged, they are binding on an appellate court unless the contrary is established as a matter of law or there is no evidence to support the finding. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); *Bob Montgomery Chevrolet, Inc. v. Dent Zone Cos.*, 409 S.W.3d 181, 187 (Tex. App.—Dallas 2013, no pet.).

There is evidence to support the court's findings. At trial, Griffin asked the court to take judicial notice of the deposition testimony of Pennington, Director of Legal Services for DCAD. In his deposition, Pennington stated that until 2010, Griffin's property was misclassified. In August 2011, DCAD realized that the property was classified incorrectly and changed the billing class of the property from "automatic car wash" to "drive thru car wash." Pennington stated that after it discovered the misclassification, DCAD adjusted the value of Griffin's property on the 2011 appraisal roll from $499,210 to $270,070, the same value the parties agreed upon in their settlement for the 2010 appraisal. This evidence suggests Griffin's property was overvalued because of a clerical error, rather than because it was excessively or unequally appraised. We

cannot conclude that there is no evidence to support the trial court's findings that Griffin did not prove an excessive or unequal appraisal, and thus those findings are binding on this Court. Because Griffin did not establish that it prevailed in an appeal to the court under section 42.25 or 42.26, which is a prerequisite for an award of attorney's fees under section 42.29, the trial court did not abuse its discretion in denying Griffin's request for fees. Appellant's sole issue is without merit.

We affirm the trial court's order denying Griffin's request for attorney's fees.

/Ada Brown/
ADA BROWN
JUSTICE

121470F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SAM GRIFFIN FAMILY INVESTMENTS-
I, INC., D/B/A BUMPER TO BUMPER
CAR WASH, Appellant

No. 05-12-01470-CV          V.

DALLAS CENTRAL APPRAISAL
DISTRICT, Appellee

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 10-10450-H.
Opinion delivered by Justice Brown.
Justices Lang and Myers participating.

In accordance with this Court's opinion of this date, the trial court's order denying appellant's request for attorney's fees is **AFFIRMED**.

It is **ORDERED** that appellee DALLAS CENTRAL APPRAISAL DISTRICT recover its costs of this appeal from appellant SAM GRIFFIN FAMILY INVESTMENTS-I, INC, D/B/A BUMPER TO BUMPER CAR WASH.

Judgment entered this 21st day of July, 2014.