

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00400-CV

---

DENTON CENTRAL APPRAISAL
DISTRICT

APPELLANT

V.

RICHARD SCOTT GLADDEN

APPELLEE

----------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2013-61154-393

----------

## OPINION

----------

## I. INTRODUCTION

In this appeal, we construe Texas Tax Code section 23.23(c), to determine the first tax year that section 23.23's 10% limitation on an increase to the appraised value of a residence homestead (10% Homestead Cap) may apply. *See* Tex. Tax Code Ann. § 23.23(c) (West 2015). The plain language of section 23.23(c) dictates that the 10% Homestead Cap cannot apply until the tax year

following the first tax year that a property qualified for a Homestead Exemption under section 11.13. *Id.* § 11.13(a)–(b) (West Supp. 2017). Because Appellee Richard Scott Gladden's residence first qualified for a Homestead Exemption in the 2013 tax year, the first tax year after that—the 2014 tax year—was the first tax year that the 10% Homestead Cap applied to Gladden's residence; we therefore will reverse the trial court's declaratory judgment for Gladden, will render a judgment declaring that 2014 is the first tax year to which the 10% Homestead Cap applies to Gladden's residence, and will remand this case to the trial court.

## II. BACKGROUND[1]

In May 2012, Gladden purchased a house in Denton, Texas (the Property), for $310,000 and began occupying the Property as his principal residence. The appraised value of the Property was recorded by Appellant Denton County Appraisal District (DCAD) for the 2012 tax year as $203,595. DCAD increased the appraised value of the Property for the 2013 tax year to $312,352. In April 2013, Gladden applied for the general residence homestead exemption (Homestead Exemption) located in section 11.13 of the tax code. *See id.* § 11.13. DCAD applied Gladden's claimed Homestead Exemption to the Property for the 2013 tax year but refused to apply the 10% Homestead Cap to the 2013 tax year. DCAD claimed that the "10% Homestead Cap" located in section 23.23

---

[1]The background facts are undisputed.

2

of the tax code would be applied on January 1, 2014, to the 2014 tax year. *See id.* § 23.23(a), (c).

Gladden filed a protest of DCAD's decision not to apply the 10% Homestead Cap for the 2013 tax year, and the Denton County Appraisal Review Board (ARB) conducted a hearing. After the hearing, the ARB overruled Gladden's objections, and ARB secretary John Greenslade issued a notice of final order concluding that the records and appraisal of DCAD were "correct." Gladden filed the present declaratory judgment action, challenging the ARB's order denying his protest concerning which tax year the 10% Homestead Cap first applied to the Property. *See id.* § 42.21 (West 2015).

Ultimately, the trial court ruled on the parties' competing motions for summary judgment. The trial court denied DCAD's partial motion to dismiss and motions for summary judgment and in a separate order granted Gladden's cross-motion for summary judgment. The trial court's order declared that "the limitation imposed by [s]ection 23.23(a) of the Texas Tax Code 'took effect' and applied" to the Property on January 1, 2013, and, consequently, imposed a mandatory injunction ordering DCAD to correct the appraisal roll and other records to "reflect the final determination of the Court regarding the 2013, 2014, 2015, 2016[,] and 2017 tax years."

DCAD raises two issues that are dispositive of this appeal, both challenging the trial court's declaration that the 10% Homestead Cap first applied to the Property in the 2013 tax year.[2]

### III. WHEN DID THE PROPERTY QUALIFY FOR THE 10% HOMESTEAD CAP?

#### A. Standard of Review and Applicable Rules of Construction

The parties' arguments present statutory construction issues pertaining to when and how a statute applies; these are questions of law that we review de novo under familiar statutory construction principles. *See Colo. Cty. v. Staff*, 510 S.W.3d 435, 444 (Tex. 2017); *City of Garland v. Dall. Morning News*, 22 S.W.3d 351, 357 (Tex. 2000).

The Code Construction Act (chapter 311 of the Texas Government Code) applies to the construction of each provision of the Texas Tax Code except as otherwise expressly provided by the tax code. *See* Tex. Tax Code Ann. § 1.03 (West 2015). In construing provisions of the tax code, our primary task is to give effect to the legislature's intent, Tex. Gov't Code Ann. § 311.021 (West 2013); *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009), and unless a different meaning is apparent from the context or a construction in accordance with the plain meaning leads to absurd or nonsensical results, the plain meaning of the text of the statute is the best expression of the

---

[2]DCAD also raises two other, alternative issues. Because we reverse the trial court's declaratory judgment, we need not address DCAD's alternative issues. *See* Tex. R. App. P. 47.1 (requiring appellate court to address only issues necessary for disposition of appeal).

legislature's intent. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008). The Supreme Court of Texas has reiterated that "when interpreting a statute, '[t]he text is the alpha and the omega of the interpretive process.'" *Bosque Disposal Sys., LLC v. Parker Cty. Appraisal Dist.*, No. 17-0146, 2018 WL 2372810, at *2 (Tex. May 25, 2018) (quoting *BankDirect Capital Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 86 (Tex. 2017)).

## B. Construing the Homestead Exemption and the 10% Homestead Cap

A "residence homestead" is partially exempted from property taxes by a portion of its assessed and appraised value. *See* Tex. Tax Code Ann. § 11.13(a)–(b). A "residence homestead" is defined exclusively in section 11.13 of the tax code as follows:

> (1) . . . a structure (including a mobile home) or a separately secured and occupied portion of a structure (together with the land, not to exceed 20 acres, and improvements used in the residential occupancy of the structure, if the structure and the land and improvements have identical ownership) that:
>
> > (A) is owned by one or more individuals, either directly or through a beneficial interest in a qualifying trust;
> >
> > (B) is designed or adapted for human residence;
> >
> > (C) is used as a residence; and
> >
> > (D) is occupied as the individual's principal residence by an owner, by an owner's surviving spouse who has a life estate in the property, or, for property owned through a beneficial interest in a qualifying trust, by a trustor or beneficiary of the trust who qualifies for the exemption.

*Id.* § 11.13(j); *see also Bader v. Dallas Cent. Appraisal Dist.*, 139 S.W.3d 778, 782 (Tex. App.—Dallas 2004, pet. denied) (stating that "section 11.13 provides the only definition of 'residence homestead' in the tax code").

To receive such a Homestead Exemption, the person claiming it must apply for it. *See* Tex. Tax Code Ann. § 11.43(a) (West Supp. 2017). An applicant's residential-homestead-exemption status is determined based on the property's status that exists on January 1 of each tax year. *See id.* § 11.42(a) (West Supp. 2017). The tax code defines the term "tax year" simply as "the calendar year." *Id.* § 1.04(13) (West Supp. 2017).[3] Certain exemptions may be immediately or retroactively applied after January 1, *see, e.g.*, *id.* § 11.42(b), (d), but the Homestead Exemption is not one of these immediately or retroactively applicable exemptions. *See id.* § 11.42(a).

Turning to chapter 23 of the tax code, the 10% Homestead Cap limits the yearly increase in the appraised value of a residence homestead to an amount not greater than 10% of the appraised value for the preceding tax year, as follows:

> (a)    Notwithstanding the requirements of [s]ection 25.18 and regardless of whether the appraisal office has appraised the

---

[3]The tax code does not define the term "calendar year," but *Black's Law Dictionary* defines "calendar year" by referring to the entry for "year," which provides the following definition: "Twelve calendar months beginning January 1 and ending December 31.—Also termed *calendar year*." *Year*, Black's Law Dictionary (10th ed. 2014). Thus, the tax year runs from January 1 to December 31. For example, the 2012 tax year is from January 1, 2012, through December 31, 2012.

property and determined the market value of the property for the tax year, an appraisal office may increase the appraised value of a residence homestead for a tax year to an amount not to exceed the lesser of:

> (1) the market value of the property for the most recent tax year that the market value was determined by the appraisal office; or

> (2) the sum of:

>> (A) 10 percent of the appraised value of the property for the preceding tax year;

>> (B) the appraised value of the property for the preceding tax year; and

>> (C) the market value of all new improvements to the property.
>> . . . .

> (c) The limitation provided by Subsection (a) takes effect as to a residence homestead on January 1 of the tax year following the first tax year the owner qualifies the property for an exemption under [s]ection 11.13. The limitation expires on January 1 of the first tax year that neither the owner of the property when the limitation took effect nor the owner's spouse or surviving spouse qualifies for an exemption under [s]ection 11.13.

*Id.* § 23.23(a), (c).

Although the 10% Homestead Cap is clearly different than the Homestead Exemption,[4] it is nonetheless tied to the Homestead Exemption in that section 23.23 expressly provides that the 10% Homestead Cap "takes effect as to a residence homestead on January 1 of the tax year following the first tax year the

---

[4]*See Martinez v. Dallas Cent. Appraisal Dist.*, 339 S.W.3d 184, 189 (Tex. App.—Dallas 2011, no pet.) ("[T]here is nothing in the tax code to suggest the statutory cap in section 23.23 is an exemption.").

owner *qualifies the property for an exemption under [s]ection 11.13.*"    *Id.*
§ 23.23(c) (emphasis added).    Consequently, these two sections—sections
11.13 and 23.23—are construed together as *in pari materia.  See Bader*, 139
S.W.3d at 782–83 (explaining that tax code sections 11.13 and 23.23 are *in pari
materia* and construing them together).

Construing sections 11.13 and 23.23(c) together and giving the words of
both sections their plain meaning, a property must first qualify for a Homestead
Exemption—determined on January 1 of each tax year—as a condition
precedent to the 10% Homestead Cap taking effect "as to a residence
homestead *on January 1 of the tax year following the first tax year* the owner
qualifies the property for an exemption under [s]ection 11.13."    *See* Tex. Tax
Code Ann. § 23.23(c) (emphasis added).    That is, the plain language of section
23.23(c) requires that a full tax year must elapse after the January 1 application
of section 11.13's Homestead Exemption before the 10% Homestead Cap may
take effect.    *See id.* (providing that a prior owner's 10% Homestead Cap "expires
on January 1 of the first tax year that neither the owner of the property when the
limitation took effect nor the owner's spouse or surviving spouse qualifies for an
exemption under [s]ection 11.13"); *Bosque Disposal Sys., LLC*, 2018 WL
2372810, at *2 (stating that text of statute is "alpha and omega" of statutory
construction).    This construction of section 23.23(c) does not lead to absurd or
nonsensical results.    Instead, it provides a one-year window for an appraisal
district to bring the appraised value of a home that is appraised at under market

8

value—by virtue of application of the 10% Homestead Cap in a real estate market where home values increased by more than 10% per year—better in line with the home's actual market value, which is likely closer to the purchase price paid for the under-appraised home. *See, e.g.*, *Combs v. Health Care Servs. Corp.*, 401 S.W.3d 623, 629 (Tex. 2013) (rejecting Comptroller's construction of Texas Tax Code provision because language of tax code was clear and "[i]f a statute is worded clearly, we must honor its plain language, unless that interpretation would lead to absurd results").

### C.  Application of Sections 11.13 and 23.23 to the Present Facts

Gladden purchased the Property in May 2012.  It is undisputed that the first tax year that the Property qualified for the Homestead Exemption was the 2013 tax year because January 1, 2013, was the first date that the Property *could* qualify for the Homestead Exemption as to Gladden.  Consequently, 2014 was the first tax year that the 10% Homestead Cap could be applied to the Property because 2014 was "the tax year following the first tax year the owner qualifies the property for an exemption under [s]ection 11.13."  Tex. Tax Code Ann. § 23.23(c).

Although Gladden considered the Property as his residence homestead in May 2012, establishing a property as one's homestead that can, for example, be exempt from creditors' claims, *see* Tex. Prop. Code Ann. §§ 41.001–.023 (West 2014), is different than qualifying a property for a homestead exemption from property taxes *under section 11.13.*  Indeed, even if Gladden had immediately

9

applied for the Homestead Exemption in May 2012, the earliest tax year that the Homestead Exemption could be applied would still be 2013 because a Homestead Exemption is prospectively determined each tax year based on the property's status that exists on January 1, thus still making 2014 the first tax year that the 10% Homestead Cap could take effect.

We sustain DCAD's first and second issues.

## IV. CONCLUSION

Having sustained DCAD's first and second issues and having determined that we need not address DCAD's third and fourth issues, we reverse the trial court's summary judgment for Gladden on his declaratory judgment action, and we render a declaratory judgment that the 10% Homestead Cap applies to the Property beginning in the 2014 tax year. We remand this case to the trial court for any necessary further proceedings in accordance with this opinion.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER and KERR, JJ.; and REBECCA SIMMONS, J. (Sitting by Assignment).

DELIVERED:  July 5, 2018