**Jo Anne FLOWERS and Hubert Flowers, Appellants,**

v.

**TEXAS DEPARTMENT OF HUMAN RESOURCES, TARRANT COUNTY WELFARE UNIT, Appellee.**

No. 18638.

Court of Appeals of Texas, Fort Worth.

March 11, 1982.

Thomas L. G. Ross, Fort Worth, for appellants.

Tim Curry, Dist. Atty., and Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from a judgment which decrees termination of a parent-child relationship.

We affirm.

Appellee sought termination of the parent-child relationship between the appellants and K. F., one of their four children.

Suit was based upon the 1979 amendment of Tex.Family Code Ann. sec. 15.02(1)(D) and (E), which sanctions termination of a parent-child relationship if the court finds that the parent has:

"(D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; or

"(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child."

The matter was tried to the court without a jury.

As to the mother, the trial court terminated the parent-child relationship upon findings of both of the statutory grounds alleged.

As to the father, termination was decreed upon a finding of the grounds set forth only in sec. 15.02(1)(D).

The court also found that termination is in the best interest of the child, as required by section 15.02(2) (1979).

■ Appellants correctly argue that termination of parental rights must be justified by clear and convincing evidence. *In Interest of G. M.*, 596 S.W.2d 846 (Tex. 1980).

Such a standard of proof is described by the Supreme Court as "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *State v. Addington*, 588 S.W.2d 569 (Tex.1979), aff'd. in *Addington v. Texas*, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979).

■ The "clear and convincing evidence" standard requires a greater degree of proof than the "preponderance" standard of ordinary civil suits, but less than proof "beyond a reasonable doubt," as required in criminal proceedings. *In Interest of G. M., supra.*

Appellants' four points of error contend that there was both no evidence and insufficient evidence to support the trial court's findings that each parent had "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child."

■ Since the trial court did not file separate findings of fact and conclusions of law, and none were requested, we may treat the findings and conclusions recited in the judgment as having been filed in accordance with Tex.R.Civ.P. 296. *Cottle v. Knapper*, 571 S.W.2d 59 (Tex.Civ.App.— Tyler 1978, no writ).

■ There is no point of error on behalf of the appellant mother which complains of the trial court's finding that she "has engaged in conduct which endangers the physical and emotional well-being of the child, K. F."

Therefore, such finding is binding upon the appellate court. *Gragg v. Cayuga Independent School District*, 525 S.W.2d 32 (Tex.Civ.App.—Tyler 1975, aff'd. 539 S.W.2d 861, Tex.1976, app. dism'd. 429 U.S. 973, 97 S.Ct. 478, 50 L.Ed.2d 581 [1976] ).

That finding by the trial court establishes the grounds for termination specified in section 15.02(1)(E).

Because the grounds of section 15.-02(1)(E) alone will justify termination of the mother's parental rights when supported by a finding that termination is in K. F.'s best interest, we need not address the mother's evidentiary points which attack the finding that her conduct also violated section 15.02(1)(D).

We will address those evidentiary points only from the standpoint of the appellant father, since his parental rights were terminated solely upon the grounds of section 15.02(1)(D).

We also will address the evidentiary points of both appellants as to the trial court's finding that termination of the parent-child relationship is in K. F.'s best interest.

■ The no evidence points require that we consider only evidence supporting the findings of which they complain; and disregard all contrary evidence. *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981).

■ The evidence is that (a) K. F. was a male child, born November 10, 1979; (b) in March, 1980, he was admitted to a hospital where he was diagnosed as having suffered a skull fracture, fractures of both arms and both legs, a hernia, rib fractures, injuries inside the mouth, external bruises and abrasions, and bite marks on various parts of the infant's body, which appeared to have been inflicted by human teeth; (c) examining physicians expressed opinions that the injuries were attributable to child abuse; (d) the child was living with the appellants when the injuries occurred; (e) the mother explained the injuries as either resulting from accidental falling by the child, or from his self-inflicted scratching, or from rough

treatment inflicted by the child's siblings; (f) case workers assigned to evaluate the parent-child relationship did not favor returning K. F. to his parents.

■ To be "clear and convincing," the proof must be such that it produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *In Interest of G. M., supra.*

We conclude that the proof before the trial court clearly and convincingly supported the court's findings.

Appellants' points of error are overruled.

Judgment is affirmed.