Charles A. KIMBROUGH, Individually and As President of C & G, Incorporated, a Texas Corporation; Gary A. Fox, Individually and as Secretary-Treasurer of C & G, Incorporated, a Texas Corporation; and C & G, Incorporated, a Corporation, Appellants,

v.

Gary A. FOX, Individually and as Secretary-Treasurer of C & G, Incorporated, a Texas Corporation; C & G, Incorporated, a Corporation; and Charles A. Kimbrough, Individually and as President of C & G, Incorporated, a Texas Corporation, Appellees.

No. 18641.

Court of Appeals of Texas, Fort Worth.

April 8, 1982.

Simon & Simon and Michael W. Johnston, Marilyn B. Walker, Fort Worth, for appellants.

Hooper & Chappell, P. C. and David F. Chappell, David L. Evans, Fort Worth, for appellees.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from judgment ordering appellant's specific performance of agree-

ments with appellee for the dissolution of their business relationships and division of assets.

Appellant's efforts to declare the agreements void as gambling contracts were unsuccessful.

We affirm in part and reverse and remand in part.

The dispute entered litigation in two separate suits which were consolidated and tried without a jury.

One suit was filed by appellee to obtain specific performance. The other was filed by appellant, asserting that the agreements were dependent upon the outcome of a coin toss and therefore void.

Appellant and appellee had been partners in a business known as "ARA Rental." They also were equal owners of the capital stock of a corporation, C & G, Inc. The property owned by the combined business enterprises included the following, valued by the parties in excess of one million dollars:

(a) one store in North Richland Hills, owned by the partnership, subject to debt;

(b) one store in Euless, rented from a landlord, month-to-month;

(c) one vacant lot in Euless, owned by the partnership, subject to debt;

(d) construction equipment, owned by the partnership, subject to debt, and held in inventory for rental to customers.

When the appellant and appellee decided to partition their business enterprises and property, the assets were valued and segregated into two parcels.

One parcel of assets was known as the "North Richland Hills" property, and the other was known as the "Euless" property.

On December 21, 1979, appellant and appellee tossed a coin to determine who would receive each parcel of property.

The findings of fact filed by the trial court include the following:

"11. The purported 'choice' of assets contained in the Agreements, and granted to the winner of a coin flip held on December 21, 1979, was without value.

"12. Both Fox and Kimbrough knew prior to the coin flip of December 21, 1979 that the winner would receive the assets and liabilities associated with the so-called 'North Richland Hills' location and that the loser would receive the assets and liabilities associated with the so-called 'Euless' location.

"13. Both parties received an agreed upon exchange as a result of the coin flip and such coin flip was not an action generally deemed immoral by the public.

"14. The coin flip in the context of this case, was a commercially reasonable way of settling the dispute as to which party was to receive which set of assets and liabilities, such assets and liabilities previously being divided in a mutually agreed upon fashion by and between Fox and Kimbrough.

"15. The coin flip in question was only peripherally involved in the totality of the transaction representing the division of the partnership and corporation.

"16. The agreed upon division of assets and liabilities of the so-called 'North Richland Hills' location and the so-called 'Euless' location were substantially equal."

Appellant has no points of error which challenge these findings, hence they are binding on this court. *U.S. Pipeline Corp. v. Kinder*, 609 S.W.2d 837 (Tex.Civ.App.—Fort Worth 1980, no writ); *City of Wichita Falls v. Streetman*, 607 S.W.2d 644 (Tex. Civ.App.—Fort Worth 1980, no writ); *Gragg v. Cayuga Independent School District*, 525 S.W.2d 32 (Tex.Civ.App.—Tyler 1975, aff'd. 539 S.W.2d 861, Tex.1976, app. dism'd., 429 U.S. 973, 97 S.Ct. 478, 50 L.Ed.2d 581 [1976]).

In his three points of error, appellant asserts that the trial court erred in holding that (1) the agreements were specifically enforceable; (2) any subsequent new contract was created by the actions of the parties; and (3) he was estopped to deny the validity of the agreements.

These points do not challenge the sufficiency of evidence or direct us to any specif-

ic error which may exist in the findings of fact, rulings upon evidence or testimony, or the judgment signed.

■ A point so general that it encompasses any and every·error the trial court may have committed is not sufficient to identify the error appellant relies upon. Tex.R.Civ.P. 418(d); *McWilliams v. Muse*, 300 S.W.2d 643 (Tex.1957).

By examining the statement, argument and authorities under appellant's first two points of error, however, we reach his contention that the agreements between the parties constituted gambling contracts and thus are not enforceable at law.

Appellant reasons that the agreements were based solely upon the outcome of a coin toss and therefore provided for gain or loss to the parties without an exchange of consideration.

Wagering contracts are defined in the Restatement as follows:

"Topic 3. Wager.

"§ 520. DEFINITION OF AND ILLE-GALITY OF A WAGER.

A bargain in which a promisor undertakes that, upon the existence or happening of a condition he will render a performance

(a) *for which there is no agreed exchange* ..."

Comment "e" under § 520 states:

"If the promisor is to receive an agreed exchange for his performance, the objectionable feature of chance of gain or loss is removed..."

Appellant testified that he did not view the coin toss as a *gamble* and that he would not have participated in the toss if he had thought the two parcels of property unequal.

■ The law presumes the legality of a contract. *McKenzie v. Carte*, 385 S.W.2d 520 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd. n.r.e.).

■ The trial court found that prior to the coin toss each party knew the specific assets and liabilities that would be taken by the "winner" of the toss and those that would be taken by the "loser."

The court also found as fact that the division was equal in value and that the coin toss was a commercially reasonable way to determine which property each party would receive.

Based upon its findings of fact, the court filed conclusions of law, including the following:

"3. The contracts in question were not voided being against public policy, in that no gambling was involved

(a) As the so-called 'choice' had no value.

(b) There was in fact no choice as the winner was to receive the so-called 'North Richland Hills' assets and liabilities.

(c) The division of assets and liabilities, mutually agreed to be substantially equal, by use of a coin flip, was a commercially reasonable method of making such a decision.

"4. The coin flip was so peripherally involved as to not 'taint' the remainder of the Agreement."

We find no error in the trial court's conclusions.

Appellant's first two points of error are overruled.

Based upon the unchallenged findings of fact, we note that the trial court included the following in its conclusions of law:

"7. Even if the contract had been void, the parties subsequent conduct created a new contract with Fox receiving the so-called 'North Richland Hills' assets and liabilities and Kimbrough receiving the so-called 'Euless' assets and liabilities.

"8. Kimbrough is estopped from claiming that the two sets of assets and liabilities were not of substantially equal value.

"9. Fox detrimentally relied upon Kimbrough's actions subsequent to December 21, 1979, and a contract is created by estoppel with Fox receiving the assets and liabilities of the so-called 'North Richland Hills' location and Kimbrough receiving the assets and liabilities of the so-called 'Euless' location.

"10. Kimbrough waived any right he might have possessed to rescission of any of the contracts in litigation by accepting the benefits of those contracts and altering the status quo subsequent to December 21, 1979."

Appellant's third point of error is overruled.

■ By his first cross-point, appellee asserts that Tex.Rev.Civ.Stat.Ann. art. 2226 (1979) mandates his recovery of attorney fees, and the trial court's denial of fees was error.

Art. 2226 contains the following provision:

"Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation or ..., for services founded on oral or written contracts, may present the same to such persons or corporation or any duly authorized agent thereof; and if, at the expiration of thirty (30) days thereafter, payment for just amount owing has not been tendered, the claimant *may*, if represented by attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees ..." (Emphasis added.)

"May" is a permissive word, as contrasted with the mandatory "shall".

The question is whether in art. 2226 the legislature granted the *litigant* permission to recover the fees or whether it granted the *trial court* permission to either award or deny such fees.

We conclude that if the legislature had intended to vest the permission or discretion in the trial court, the permissive language would have provided that *the court may award* [such fees].

The statute, however, states that "*the claimant may* ... also recover ... a reasonable amount as attorney's fees ..."

The location of the word "may", and an analogous construction by our Supreme Court of a claimant's right to statutory treble damages in *Woods v. Littleton*, 554 S.W.2d 662 (1977), persuades us that the language of art. 2226 grants to the litigant the permission to recover the fees he is able to prove reasonable.

We hold that upon such proof, the award is mandatory.

We sustain appellee's first cross-point.

We will not consider appellee's second cross-point urging dismissal of appellant's appeal for want of prosecution.

Judgment of the trial court is affirmed except as to the denial of appellee's plea for attorney fees.

The cause is remanded to the trial court only for its determination of the amount of reasonable attorney fees due appellee.