**Opinion issued February 27, 2020**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

## NO. 01-18-00786-CV
_____

**HARRIS COUNTY APPRAISAL DISTRICT, Appellant**

**V.**

**AMERICAN MULTI-CINEMA, INC. (STUDIO 30 AND GULF POINTE 30 MOVIE THEATERS), Appellee**

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-50054**

## MEMORANDUM OPINION

In this case, American Multi-Cinema, Inc. (AMC) sued Harris County Appraisal District (HCAD), challenging the 2016 ad valorem property tax valuations for two of its Houston-area movie theaters. After a bench trial, the trial court

increased the valuation for one of the movie theaters and decreased the valuation for the second movie theater, ultimately reducing AMC's combined property tax liability for the two theaters by approximately $21,000. The trial court also awarded AMC $15,000 in attorney's fees. In one issue, HCAD argues that the trial court erred by interpreting Texas Tax Code section 42.29 to require a mandatory award of attorney's fees to a prevailing property owner. It contends, instead, that an award of attorney's fees is discretionary under the statutory language.

We affirm.

## Background

AMC operates movie theaters, including several in the Houston area. This case involves two of AMC's Houston-area movie theaters: one located on Dunvale Road in west Houston ("Studio 30") and one located on the South Sam Houston Parkway in southeast Houston ("Gulf Pointe"). Both movie theaters were constructed in 1997 and are classified as "megaplexes" because they have thirty screens. AMC does not own the land on which these movie theaters sit. Instead, AMC leases the properties from the record title owner and, under the terms of the lease agreements, is responsible for paying the ad valorem taxes assessed on the properties.

For the 2016 tax year, HCAD valued the Studio 30 property at $18,945,761 and the Gulf Pointe property at $14,078,696. The combined valuation for these two

properties, based on HCAD's initial valuations, was $33,024,457. AMC exercised its rights under the Texas Tax Code to protest the appraised valuations of both properties before HCAD's Appraisal Review Board (the Board). *See* TEX. TAX CODE ANN. § 41.41(a)(1) (providing that property owners are entitled to protest before appraisal review board several actions, including appraisal district's "determination of the appraised value of the owner's property"). After a hearing, the Board lowered the appraised values of both properties, assessing the value of the Studio 30 property at $16,000,000 and the value of the Gulf Pointe property at $12,000,000, for a combined value of $28,000,000.

AMC then sought judicial review of the Board's valuation orders in the Harris County district court. *See id.* § 42.01(a)(1)(A) (providing that property owner is entitled to appeal to district court order of appraisal review board determining protest filed by property owner). AMC alleged that the valuations for the two properties were in excess of fair market value, that HCAD used an "unfair and discriminatory" method to value the two properties, that the valuations were "substantially excessive," and that the valuations were "unequal compared to a sample of properties consisting of a reasonable number of other properties similarly situated to" the two properties. AMC requested that the trial court award it attorney's fees.

The trial court conducted a bench trial on April 4, 2018. At trial, AMC put on evidence concerning the changing nature of the movie industry and technological

3

advances that had led most theaters built in recent years to have significantly fewer screens than either Studio 30 or Gulf Pointe. Newer theaters also had amenities such as reclining seats that neither Studio 30 nor Gulf Pointe had. AMC presented evidence that both movie theaters were still operational and still had positive cash flows, but they had not been renovated and were becoming obsolete.

Both AMC and HCAD called real estate appraisers to testify concerning their expert opinions of the values of the two properties. James Archibald, testifying on behalf of AMC, opined that, as of January 1, 2016, the fair market value of the Gulf Pointe property was $8,374,008 and the fair market value of the Studio 30 property was $8,820,000. Archibald opined that the improvements on the properties—the actual movie theaters themselves—"don't contribute to the real estate value and need to be torn down and the properties need to be redeveloped."

Gerald Teal, testifying on behalf of HCAD, did not believe that the two properties were "tear downs," and he stated that "the improvements would definitely contribute to the overall value" of the properties. Teal opined that the fair market value of the Gulf Pointe property was $13,060,000 and the fair market value of the Studio 30 property was $16,270,000.

The trial court filed findings of fact and conclusions of law on April 6, 2018. It found that while the improvements on both properties had depreciated "in every way," the improvements "still have and add value to the land values." The court

4

agreed with HCAD's approach of valuing the properties, finding that "the facilities still make money even though they may not do so for much longer," that "[t]he market value of the properties as improved exceeds the combination of vacant site values plus [the] cost of demolition of the improvements," and that "[t]he Court cannot treat the properties as vacant lots." The trial court valued the Gulf Pointe property at $13,060,000 as of January 1, 2016, agreeing with Teal's valuation opinion for this property. The court found, however, that Teal had over-valued the Studio 30 property, and it determined that the value of this property as of January 1, 2016, was $14,000,000. The combined values for these two properties, as determined by the trial court, was $27,060,000—nearly $1 million less than the combined values for the two properties as found by the Board upon AMC's protest.

After the trial court filed its findings of fact and conclusions of law, the parties filed briefs on whether AMC was entitled to attorney's fees and, if so, the amount of such fees. *See id.* § 42.29(a) (providing that property owner who prevails in certain types of suits seeking judicial review of appraisal review board orders "may be awarded reasonable attorney's fees"). HCAD argued that under Tax Code section 42.29, the trial court has discretion to award attorney's fees to a property owner who prevails in a valuation dispute, but an award of fees is not mandatory. HCAD acknowledged that a split in authority exists among the intermediate appellate courts concerning whether an award of attorney's fees to a prevailing property owner is

5

mandatory or discretionary. HCAD argued that an award of attorney's fees against it would be punitive and that it "should not be punished by an award of attorney's fees to [AMC] due to a disagreement over value and methodology." HCAD requested that the trial court deny an award of attorney's fees to AMC.

AMC argued that because it was a prevailing property owner under section 42.29, it was entitled to attorney's fees. It pointed out that, although the trial court valued the Gulf Pointe property higher than the Board did during the initial protest process, and therefore AMC owed more in taxes for this property, the court valued the Studio 30 property $2,000,000 lower than the Board did during the protest process, and "[t]he net effect of the Court's rulings [on the two properties combined] is a tax savings between the two theaters of $21,380.00." AMC attached redacted billing records from its counsel and argued that it was entitled to $15,000 in attorney's fees.

On June 4, 2018, the trial court signed a final judgment. The court ordered that, for the 2016 tax year, the appraised value of the Gulf Pointe property was $13,070,000[1] and that the appraised value of the Studio 30 property was $14,000,000. The trial court also awarded AMC $15,000 in statutory attorney's fees.

---

[1]   The value for the Gulf Pointe property as stated in the trial court's final judgment is $10,000 more than the value as stated in its findings of fact. The record contains no explanation for this discrepancy.

Upon HCAD's request, the trial court filed supplemental findings of fact and conclusions of law concerning the attorney's fees award. The trial court made the following findings and conclusions:

Findings of Fact

1. The parties agreed on the record to submit attorney's fees evidence by affidavit. The Court has reviewed the Application for Award of Attorney's Fees filed on May 4, 2018, along with related briefing.

2. The total fees of [AMC's] counsel is over $125,000, but the invoices are not segregated between the two properties at issue, or segregated between the two possible grounds for contesting the appraisal. Since the maximum fee by statute is $15,000, the Court undertook a review of the fee statements to determine whether the time entries could be segregated by the Court. The Court further notes and accepts the segregation offered in the [affidavit of AMC's counsel].

3. The amount of fees generated by [AMC] which may either be clearly segregated to the property and issues on which they prevailed, or which apply equally to all actions and need not be segregated, vastly exceeds $15,000.

4. The fees charged, and certainly the first $15,000, were reasonable and necessary for the services provided.

Conclusions of Law

1. Tax Code section 42.29 applies to the question of attorney's fees. Given the result of this case, the maximum the Court can award is $15,000.

2. Two different properties were the subject of this litigation. They were apparently combined into one action for convenience or judicial economy. For purposes of determining "prevailing party," the Court treats them as two separate matters. [AMC] prevailed as to the Studio 30 property because the value set by the Court results in a lower tax. HCAD prevailed as to the Gulf Pointe 30 property. Even if the Court did not take the approach

7

of treating these as two different cases under the statute, [AMC] would still be the prevailing party.

3.      Under *Bocquet v. Herring*, 972 S.W.2d 19, 20–21 (Tex. 1998) and later cases, an award of attorney's fees is mandatory where a statute states that the prevailing party "may be awarded" fees, as opposed to discretionary award statutes which state "a court may award" attorney's fees.

HCAD then filed this appeal.

## Award of Attorney's Fees

In its sole issue, HCAD contends that the trial court erred by awarding AMC $15,000 in attorney's fees. Specifically, HCAD argues that the trial court erroneously interpreted Tax Code section 42.29 as requiring a mandatory award of attorney's fees to a property owner who prevails in a valuation suit, when, instead, section 42.29 should be interpreted as granting the trial court discretion in deciding whether to award attorney's fees. HCAD requests that we remand this case to the trial court so that it may exercise its discretion in determining whether to award attorney's fees to AMC.

### A.    *Standard of Review and Governing Law*

"Attorney's fees may not be recovered unless provided for by statute or by contract between the parties." *Willacy Cty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 52 (Tex. 2018); *Martinez v. Dallas Cent. Appraisal Dist.*, 339 S.W.3d 184, 190 (Tex. App.—Dallas 2011, no pet.). Generally, we review a trial court's decision to award attorney's fees for an abuse of discretion. *Martinez*,

8

339 S.W.3d at 190. A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding rules and principles. *Id.* (quoting *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997)).

Statutory construction is a question of law that we review de novo. *Willacy Cty. Appraisal Dist.*, 555 S.W.3d at 37–38. When construing a statute, our primary objective is to give effect to the Legislature's intent. *Id.* at 38. In determining legislative intent, we rely on the plain meaning of the text unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results. *Id.*; *see* TEX. GOV'T CODE ANN. § 311.011(a) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). If a statute is unambiguous, we will not use extrinsic aids to construe the statutory language. *Willacy Cty. Appraisal Dist.*, 555 S.W.3d at 38. "A statute is ambiguous if its words are susceptible to two or more reasonable interpretations and we cannot discern legislative intent from the language alone." *Id.* When ascertaining legislative intent, we read the entire statute as a whole and do not consider isolated sections, provisions, or terms in a vacuum. *EXLP Leasing, LLC v. Galveston Cent. Appraisal Dist.*, 554 S.W.3d 572, 582 (Tex. 2018).

A property owner is entitled to protest several actions before the appraisal review board, including the "determination of the appraised value of the owner's property." TEX. TAX CODE ANN. § 41.41(a)(1). The appraisal review board "shall

determine the protest and make its decision by written order." *Id.* § 41.47(a). A property owner is entitled to seek judicial review of the appraisal review board's order determining a protest. *Id.* § 42.01(a)(1)(A). If, on judicial review, the trial court determines that the appraised value of the property according to the appraisal roll "exceeds the appraised value required by law, the property owner is entitled to a reduction of the appraised value on the appraisal roll to the appraised value determined by the court." *Id.* § 42.25. Tax Code section 42.29 governs the recovery of attorney's fees by a prevailing property owner and provides:

(a) A property owner who prevails in an appeal to the court under Section 42.25 . . . may be awarded reasonable attorney's fees. The amount of the award may not exceed the greater of:

(1) $15,000; or

(2) 20 percent of the total amount by which the property owner's tax liability is reduced as a result of the appeal.

(b) Notwithstanding Subsection (a), the amount of an award of attorney's fees may not exceed the lesser of:

(1) $100,000; or

(2) the total amount by which the property owner's tax liability is reduced as a result of the appeal.

*Id.* § 42.29. The statute does not define what it means for a property owner to "prevail[] in an appeal."

Our sister courts have reached conflicting decisions concerning whether an award of attorney's fees under section 42.29 is mandatory if the property owner prevails on a protest or if the trial court retains discretion to award attorney's fees to

10

a prevailing property owner. The differing interpretations stem from a 1982 Fort Worth Court of Appeals case and a 1998 Texas Supreme Court case, both of which involved other statutes providing for attorney's fees and not section 42.29, specifically.

In *Kimbrough v. Fox*, the Fort Worth Court addressed whether the statutory predecessor to Civil Practice and Remedies Code section 38.001—providing for the recovery of attorney's fees in breach of contract actions—mandated an award of attorney's fees to a prevailing party. *See* 631 S.W.2d 606, 609 (Tex. App.—Fort Worth 1982, no writ). That statute provided that a person with a claim for services based on an oral or written contract "may, if represented by [an] attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees." *Id.* The *Kimbrough* court framed the issue before it as whether, through the particular statutory language, the Legislature had "granted the litigant permission to recover the fees or whether it granted the trial court permission to either award or deny such fees." *Id.* The *Kimbrough* court concluded that if the Legislature had intended to vest discretion in the trial court, it would have used permissive language such as "the court may award" attorney's fees, but the statute at issue in that case provided that "the claimant may . . . also recover . . . a reasonable amount as attorney's fees." *Id.* The *Kimbrough* court held that the statutory language "grants to the litigant the

permission to recover the fees he is able to prove reasonable" and that "upon such proof, the award is mandatory." *Id.*

In *Bocquet v. Herring*, 972 S.W.2d 19 (Tex. 1998), the Texas Supreme Court addressed whether an award of attorney's fees under the Texas Declaratory Judgments Act (DJA) fell within the trial court's discretion. The language of the DJA provided that "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." *Id.* at 20. The Texas Supreme Court held that this language "does not require an award of attorney's fees to the prevailing party." *Id.* Instead, the statute provided that the trial court "may" award attorney's fees, which "affords the trial court a measure of discretion in deciding whether to award attorney fees or not." *Id.* The court stated, "The same is true of other statutes that provide that a court 'may' award attorney fees," but it contrasted this language with that of other statutory attorney's fees provisions, stating, "Statutes providing that a party 'may recover', 'shall be awarded', or 'is entitled to' attorney fees are not discretionary." *Id.*

The Texas Supreme Court has not addressed whether attorney's fees to a prevailing property owner under section 42.29 are mandatory or discretionary, but several intermediate appellate courts have done so. In *Tex-Air Helicopters, Inc. v. Appraisal Review Board of Galveston County*, 940 S.W.2d 299 (Tex. App.—Houston [14th Dist.] 1997), *aff'd*, 970 S.W.2d 530 (Tex. 1998), the Fourteenth Court

12

of Appeals addressed whether a statute that related to the taxation of commercial aircraft was constitutional. The court agreed with the property owner that the statute was constitutional. *Id.* at 303. The court then addressed whether the property owner was entitled to attorney's fees under section 42.29. The court stated, "The term 'may' in the statute grants discretion for the trial court to award attorney's fees." *Id.* at 304. The court then noted that, in that particular case, the property owner had not been the prevailing party in the trial court, and therefore the trial court "had no reason to address the attorney's fees issue." *Id.* The Fourteenth Court therefore declined to address the property owner's "right to attorney's fees until the trial court has had the opportunity to properly determine whether to grant them." *Id.*; *see also Tex-Air Helicopters, Inc. v. Harris Cty. Appraisal Dist.*, 15 S.W.3d 173, 177 (Tex. App.—Texarkana 2000, pet. denied) (stating that award of attorney's fees under section 42.29 is matter within trial court's discretion, but holding that because particular case did not involve "excessive appraisal," section 42.29 did not apply to give trial court discretion to award attorney's fees to property owner).

Other courts have disagreed with the Fourteenth Court and the Texarkana Court and have held that an award of attorney's fees is mandatory to a prevailing property owner under section 42.29. In *Zapata County Appraisal District v. Coastal Oil & Gas Corp.*, 90 S.W.3d 847, 853–54 (Tex. App.—San Antonio 2002, pet. denied), the San Antonio Court of Appeals relied upon the distinction articulated in

*Bocquet* and *Kimbrough*—between statutory language stating that "a court may award attorney fees" and language stating that "a party may recover attorney fees"— to hold that section 42.29 mandates an award of attorney's fees to a prevailing property owner. The San Antonio Court noted that section 42.29 provides that "the prevailing taxpayer 'may be awarded' attorney's fees." *Id.* at 853. The court considered whether this statutory language "is more like statutes providing that 'the court may award,' so that whether to award attorney's fees is discretionary, or more like statutes providing that 'a party may recover' attorney's fees, so that an award of attorney's fees is mandatory." *Id.* at 853–54. The San Antonio Court, following *Kimbrough* and *Bocquet*, held that an award of attorney's fees under section 42.29 is mandatory to a prevailing property owner. *Id.* at 854. The court therefore reversed the portion of the trial court's judgment denying the property owner's request for attorney's fees. *Id.*

In *Aaron Rents, Inc. v. Travis Central Appraisal District*, the Austin Court of Appeals acknowledged the split in authority between the Fourteenth Court and the Texarkana Court in the *Tex-Air Helicopter* cases and the San Antonio Court in *Zapata County Appraisal District. See* 212 S.W.3d 665, 672 (Tex. App.—Austin 2006, no pet.). The Austin Court stated:

> The real difficulty in this case arises due to the fact that this particular statute [section 42.29] is neither clearly one or the other of the types of statutes distinguished in *Bocquet*. Due to the use of passive voice in the statute, the wording could be rearranged and construed to mean that

14

trial courts have the discretion to award attorney's fees to prevailing property owners. For example, the statute as written specifies that "[a] property owner . . . may be awarded reasonable attorney's fees." The statute could be construed as impliedly stating that "a property owner . . . may be awarded reasonable attorney's fees *by the trial court*." Given the implied addition of the words "by the trial court" and due to the use of passive voice in the statute, the wording of the statute could be inverted to make the "trial court" the subject of the sentence and to read as follows: "the trial court may award a property owner reasonable attorney's fees." Under this inverted reading, the statute vests the trial court with the discretion to award attorney's fees.

However, the supreme court has indicated its reluctance to engage in wordplay to ascribe meaning to a statute that contradicts the meaning expressed in an unaltered reading of the statute.

*Id.* at 672–73 (internal citations omitted). The Austin Court then noted that the statutory language provided that a prevailing property owner "may be awarded" attorney's fees, which "is the functional equivalent of the phrase a 'party may recover attorney's fees,' which the supreme court has stated entitles a party to attorney's fees." *Id.* at 673. The court stated, "Had the legislature intended to give trial courts the discretion to deny fees to a prevailing property owner, they would have drafted the statute accordingly." *Id.*

The Austin Court also stated:

Were the slate clean, we would not draw the extremely subtle semantic distinction originally articulated in *Kimbrough*. Courts should be able to presume that the legislature speaks in more direct ways than this distinction implies. Further, we should be able to presume that, when the legislature uses phrases like "a party may recover attorney's fees" or "a party may be awarded attorney's fees," the legislature means what the phrases indicate: that an award of attorney's fees is discretionary. However, the slate is not clean. For all the reasons previously described,

15

> we conclude that *Zapata* articulates the correct reading of section 42.29, particularly in light of the supreme court's statement in *Bocquet*.

*Id.* The Austin Court thus held that, upon request by a prevailing property owner, an award of attorney's fees is mandatory under section 42.29, and the trial court in that case abused its discretion by failing to award reasonable attorney's fees. *Id.* at 676; *see also Martinez*, 339 S.W.3d at 192 (expressing same misgiving Austin Court had in *Aaron Rents* with respect to "the extremely subtle semantic distinction originally articulated in *Kimbrough*," but ultimately agreeing that "the slate is not clean," and, in light of *Bocquet*, *Aaron Rents*, and *Zapata County Appraisal District*, concluding that section 42.29 is mandatory "and affords the trial court no measure of discretion in determining whether to award attorney's fees").

## B.    Analysis

After AMC protested the valuations for the Gulf Pointe property and the Studio 30 property, the Board set the appraised value for the Gulf Pointe property at $12,000,000 and the Studio 30 property at $16,000,000, for a total combined value of $28,000,000. Following a bench trial, the trial court set the appraised value for the Gulf Pointe property at $13,070,000, an amount that was $1,070,000 higher than the Board had valued the property. The trial court set the appraised value for the Studio 30 property at $14,000,000, an amount that was $2,000,000 lower than the Board had valued the property. The combined value for the two properties as set by the trial court was $27,070,000, an amount that was $930,000 lower than the

16

combined value of the properties as valued by the Board. The trial court also awarded AMC $15,000 in reasonable and necessary attorney's fees.

At HCAD's request, the trial court filed findings of fact and conclusions of law concerning its award of attorney's fees to AMC. The trial court concluded that AMC was the "prevailing party." The trial court also concluded that, under *Bocquet* and later cases, an award of attorney's fees to a prevailing property owner pursuant to section 42.29 was mandatory because the statutory language provided that a prevailing party "may be awarded" attorney's fees instead of providing that "a court may award" attorney's fees.

On appeal, HCAD urges us to hold that section 42.29 grants discretion to trial courts to award attorney's fees to a prevailing property owner but does not mandate an award of attorney's fees. HCAD argues that the trial court erroneously concluded that an award of attorney's fees is mandatory under section 42.29. HCAD requests that we remand this case to the trial court "in order to exercise its discretion regarding whether or not to award attorney's fees in this case," stating that "[t]his is especially true based on the outcome of the trial in this case wherein HCAD maintained 96% of the original value being appeal[ed]."

AMC argues that the trial court correctly determined that an award of attorney's fees is mandatory to a prevailing party under section 42.29, but it also states that whether an attorney's fees award is mandatory or discretionary is "largely

17

academic" in this particular case because evidence in the record supports the trial court's finding that $15,000 was a reasonable and necessary amount of attorney's fees, and the trial court could have properly exercised its discretion to award this amount in attorney's fees even if it mistakenly believed the fee award was mandatory. We agree with AMC that, under the facts of this case, we need not address whether section 42.29 mandates an award of attorney's fees to a prevailing property owner or grants discretion to the trial court to award such fees because the trial court did not err in awarding attorney's fees to AMC, a prevailing property owner.

Although HCAD does not specifically argue that AMC was not a prevailing property owner, it points out that the trial court awarded attorney's fees to AMC "despite the fact that the market value of one property [Gulf Pointe] was actually increased from the [Board's] value appealed from and the market value of the second property [Studio 30] was modestly reduced," stating that, "in the aggregate, HCAD maintained 96.6% of the market values being appealed." It further states that because the trial court considered an award of attorney's fees to be mandatory to a prevailing property owner under section 42.29, "HCAD would be required to pay AMC's attorney's fees unless it prevailed 100% on the appraised values."

To the extent HCAD argues that AMC did not prevail in its suit seeking judicial review of the Board's valuation of its properties, we disagree. The Board

valued the Gulf Pointe property at $12,000,000 and the Studio 30 property at $16,000,000, for a combined value of $28,000,000. After AMC sought judicial review of the Board's orders and argued that the Board had excessively appraised the properties, the trial court valued the Gulf Pointe property at $13,070,000 and the Studio 30 property at $14,000,000, for a combined value of $27,070,000. As a result of AMC's suit for judicial review, the total combined value of the properties was lowered, thereby lowering AMC's total tax liability.

Although the trial court did not agree with the valuations of the two properties proffered by AMC's expert and did not lower the valuations of the properties to the full extent requested by AMC, AMC still obtained relief as a result of its suit for judicial review. Thus, AMC is a "property owner who prevails in an appeal to the court under Section 42.25," concerning excessive appraisals of property. *See* TEX. TAX CODE ANN. § 42.29(a); *see also id.* § 42.25 ("If the court determines that the appraised value of property according to the appraisal roll exceeds the appraised value required by law, the property owner is entitled to a reduction of the appraised value on the appraisal roll to the appraised value determined by the court."); *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 485–86 (Tex. 2019) (noting, in case involving question whether party was "prevailing party" under contract for attorney's fees purposes, that court had previously held that "to prevail means to 'obtain actual and meaningful relief, something that materially alters the

19

parties' legal relationship'") (quoting *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 652 (Tex. 2009)).

AMC presented evidence—in the form of an affidavit by its counsel and billing records—that it had incurred over $125,000 in attorney's fees relating to challenging the appraised values of the two properties. Because section 42.29 limits the amount of attorney's fees a prevailing property owner can recover to the greater of $15,000 or "20 percent of the total amount by which the property owner's tax liability is reduced as a result of the appeal," AMC did not request that the trial court award it the full amount of attorney's fees it had incurred, but instead requested an award of $15,000. The trial court awarded AMC $15,000 in attorney's fees in its final judgment and specifically found that "[t]he fees charged, and certainly the first $15,000, were reasonable and necessary for the services provided."

Regardless of whether section 42.29 mandates an award of attorney's fees to a prevailing property owner or grants a trial court discretion in determining whether to award attorney's fees—a matter we need not decide in this case—we cannot conclude that the trial court abused its discretion in awarding $15,000 in attorney's fees to AMC. The trial court had authority to award attorney's fees to AMC as a prevailing property owner; its decision to do so does not constitute reversible error. *Cf. City of Austin v. Whittington*, 384 S.W.3d 766, 779 n.10 (Tex. 2012) ("We may review conclusions of law to determine their correctness. But we will not reverse an

20

erroneous conclusion if the trial court rendered the proper judgment."); *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002) ("If the reviewing court determines a conclusion of law is erroneous, but the trial court rendered the proper judgment, the erroneous conclusion of law does not require reversal.").

We overrule HCAD's sole issue.

**Conclusion**

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Chief Justice Radack and Justices Keyes and Lloyd.

21